**BARRETT & PAVLUK , LLC**
ATTORNEYS AT LAW
1200 EAGLE AVENUE, SUITE 204
OCEAN, NJ 07712
(732) 493-2800
ATTORNEYS FOR PLAINTIFFS Kale Gamtsemlidze and Maia Gamtsemlidze

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KALE GAMTSEMLIDZE and MAIA GAMTSEMLIDZE, His Spouse<br><br>Plaintiffs,<br><br>-vs-<br><br>WALTER HERMEL MENDEZ CABRESA; JUST FOUR WHEELS, INC; ABSECON TRUCK LEASING, INC; DOUGLAS A. ROSS; AMY A. ROSS; JOHN DOES, 1-10, (fictitious names) and XYZ CORP., 1-10, (fictitious names),<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiffs, Kale Gamtsemlidze and Maia Gamtsemlidze, His Spouse, residing in the Borough of Lake Como, County of Monmouth and State of New Jersey, state by way of Complaint as follows:

### I.   THE PARTIES

1. Plaintiffs, Kale Gamtsemlidze and Maia Gamtsemlidze, residing at the address stated above are residents and citizens of the State and District of New Jersey.

2. Defendant, Walter Hermel Mendez Cabresa, at all times relevant hereto, upon information and belief, was a truck driver/employee of FGO Trucking, LLC. In this capacity, he was the operator, of a rented truck supplied by Just Four Wheels, Inc.

3. Upon information and belief, this defendant is a resident and citizen of the State of North Carolina.

3. Defendant, Just Four Wheels, Inc., and/or Absecon Truck Leasing is privately owned business incorporated in the State of New Jersey which rents and leases automobiles and trucks.

4. At the time of the subject accident, defendant Cabresa was an agent, employee or representative of FGO Trucking, LLC, which has a principal place of business in Belleville, N.J.

5. Defendant, Absecon Truck Leasing, is a named insurer for Just Wheels, Inc.

5. Defendants, Douglas A. Ross and Amy A. Ross, at all times relevant hereto, are residents and citizens of the State and District of New Jersey.

6. Defendants, John Does, 1-10 and XYZ Corp., 1-10 are fictitious names and/or entities.

## II.   JURISDICTION AND VENUE

1. This Court has original jurisdiction in this matter under 28 U.S.C § 1392 inasmuch as the unliquidated amount in controversy has a sum or value of $75,000.00 or more exclusive of interest and costs and arises out of citizens of the different states.

## III.   SUBSTANTIVE ALLEGATIONS

### FIRST COUNT

1. On or about July 24, 2010, Plaintiff, Kale Gamtsemlidze, was the owner and operator of an automobile traveling on Main Street at or near its intersection with 16th Avenue in the Borough of Belmar, County of Monmouth and State of New Jersey.

2. On the date and place aforesaid, Defendant, Walter Hermel Mendez Cabresa, was the operator of a certain motor vehicle owned by Defendant, Just Four Wheels, Inc., and/or

Absecon Truck Leasing, traveling on Main Street at or near its intersection with 16th Avenue in the Borough of Belmar, County of Monmouth and State of New Jersey.

3. At the time of the accident, Defendant, Walter Hermel Mendez Cabresa, was an employee, agent or representative of FGO Trucking,

3. Defendant, Walter Hermel Mendez Cabresa, so carelessly and negligently operated, maintained and/or controlled the vehicle owned by Defendant, Just Four Wheels, Inc., and/or Absecon Truck Leasing so as to cause it to strike the Plaintiff's vehicle.

4. As a proximate result of the carelessness and negligence of Defendant, Walter Hermel Mendez Cabresa, Plaintiff, Kale Gamtsemlidze, has suffered severe and permanent injuries, has and will in the future incur great medical expense, has and will in the future incur loss of earning and earning capacity.

**WHEREFORE**, Plaintiff, Kale Gamtsemlidze, demands judgment against Defendant, Walter Hermel Mendez Cabresa, for damages, interest, costs of suit, attorney's fees and for such other relief as the Court may deem proper.

## SECOND COUNT

1. Plaintiff, Kale Gamtsemlidze, repeats each and every allegation contained in the First Count of the Complaint and makes the same a part hereof.

2. On the date and place aforesaid, Defendant, Just Four Wheels, Inc., and/or Absecon Truck Leasing, Inc., was the owner of a certain motor vehicle being negligently, carelessly and recklessly operated by Defendant, Walter Hermel Mendez Cabresa. Defendant, Just Four Wheels, Inc., and/or Absecon Truck Leasing, Inc., was negligent in the ownership and/or maintenance of the subject motor vehicle resulting in the subject collision and the resulting injuries to Plaintiff, Kale Gamtsemlidze.

3. Defendant, Just Four Wheels, Inc., and/or Absecon Truck Leasing, Inc., is liable by agency or otherwise for the negligence and/or carelessness and recklessness of Defendant, Walter Hermel Mendez Cabresa.

4. Defendant, Just Four Wheels, Inc., and/or Absecon Truck Leasing, Inc., negligently entrusted the use of its vehicle to Defendant, Walter Hermel Mendez Cabresa, which resulted in serious injury to Plaintiff, Kale Gamtsemlidze.

**WHEREFORE**, Plaintiff, Kale Gamtsemlidze, demands judgment against Defendant, Just Four Wheels, Inc., and/or Absecon Truck Leasing, Inc., for damages, interest, costs of suit, attorney's fees and for such other relief as the Court may deem proper.

### THIRD COUNT

1. Plaintiff, Kale Gamtsemlidze, repeats each and every allegation contained in the First and Second Counts of the Complaint and makes the same a part hereof.

2. On the date and place aforesaid, Defendant, FGO Trucking, LLC, was the leaser of a certain motor vehicle being negligently, carelessly and recklessly operated by Defendant, Walter Hermel Mendez Cabresa. Defendant, FGO Trucking, LLC, was negligent in the operation, custody and/or maintenance of the subject motor vehicle resulting in the subject collision and the resulting injuries to Plaintiff, Kale Gamtsemlidze.

3. Defendant, FGO Trucking, LLC, is liable by agency or otherwise for the negligence and/or carelessness and recklessness of Defendant, Walter Hermel Mendez Cabresa.

4. Defendant, FGO Trucking, LLC, negligently entrusted the use of its vehicle to Defendant, Walter Hermel Mendez Cabresa, which resulted in serious injury to Plaintiff, Kale Gamtsemlidze.

**WHEREFORE**, Plaintiff, Kale Gamtsemlidze, demands judgment against Defendant, FGO Trucking, LLC, for damages, interest, costs of suit, attorney's fees and for such other relief as the Court may deem proper.

## FOURTH COUNT

1. Plaintiff, Kale Gamtsemlidze, repeats each and every allegation contained in the First, Second and Third Counts of the Complaint and makes the same a part hereof.

2. On or about November 17, 2010, Plaintiff, Kale Gamtsemlidze, was the owner and operator of a motor vehicle traveling west on West Park Avenue in the Township of Ocean, County of Monmouth and State of New Jersey.

3. On the date and place aforesaid, Defendant, Douglas A. Ross was the operator of a motor vehicle owned by Amy A. Ross traveling west on West Park Avenue in the Township of Ocean, County of Monmouth and State of New Jersey.

4. Defendant, Douglas A. Ross, so carelessly and negligently operated, maintained and/or controlled the vehicle owned by Defendant, Amy A. Ross, so as to cause it to strike the Plaintiff's vehicle.

5. As a proximate result of the carelessness and negligence of Defendant, Douglas A. Ross, Plaintiff, Kale Gamtsemlidze, has suffered severe and permanent injuries, has and will in the future incur great medical expense, has and will in the future incur loss of earning and earning capacity.

**WHEREFORE**, Plaintiff, Kale Gamtsemlidze, demands judgment against Defendant, Douglas A. Ross, for damages, interest, costs of suit, attorney's fees and for such other relief as the Court may deem proper.

## FIFTH COUNT

1. Plaintiff, Kale Gamtsemlidze, repeats each and every allegation contained in the First, Second, Third and Fourth Counts of the Complaint and makes the same a part hereof.

2. On the date and place aforesaid, Defendant, Amy A. Ross, was the owner of a certain motor vehicle being negligently, carelessly and recklessly operated by Defendant, Douglas A. Ross, was negligent in the ownership and/or maintenance of the subject motor vehicle resulting in the subject collision and the resulting injuries to Plaintiff, Kale Gamtsemlidze.

3. Defendant, Amy A. Ross, is liable by agency or otherwise for the negligence and/or carelessness and recklessness of Defendant, Douglas A. Ross.

4. Defendant, Amy A. Ross, negligently entrusted the use of its vehicle to Defendant, Douglas A. Ross, which resulted in serious injury to Plaintiff, Kale Gamtsemlidze.

**WHEREFORE**, Plaintiff, Kale Gamtsemlidze, demands judgment against Defendant, Amy A. Ross, for damages, interest, costs of suit, attorney's fees and for such other relief as the Court may deem proper.

## SIXTH COUNT

1. Maia Gamtsemlidze is the spouse of Plaintiff, Kale Gamtsemlidze, and repeats each and every allegation contained in the First, Second, Third, Fourth and Fifth Counts of the Complaint and makes the same a part hereof.

2. By reason of the negligence of the Defendants and injuries to his spouse, this plaintiff suffered the loss of her services and society and was and will be in the future be compelled to incur large expenses for medical care and attention for his spouse, Kale Gamtsemlidze.

**WHEREFORE**, Plaintiff, Maia Gamtsemlidze, demands judgment against the Defendants, and each of them, jointly, severally or in the alternative for damages, interest, costs of suit, attorney's fees and for such other relief as the Court may deem proper.

## SEVENTH COUNT

1. Plaintiff, Kale Gamtsemlidze, repeats each and every allegation contained in the First, Second, Third, Fourth, Fifth and Sixth Counts of the Complaint and makes the same a part hereof.

2. At all times relevant hereto, the Defendants, JOHN DOES 1-10, fictitious names, by its agents, servants and/or employees, was the operator, manufacturer, repairer or owner and/or had an interest in the vehicles which were involved in the subject accidents and/or was responsible for the management and/or maintenance and/or entrustment of said vehicle(s) and/or the premises where the incident occurred and/or was a social or commercial host who negligently dispensed alcoholic beverages or medication(s) to Defendants knowing Defendants to be intoxicated.

3. At the same time and place aforesaid, the Plaintiff was caused to suffer injuries as a result of the negligence of the Defendants, JOHN DOES 1-10, fictitious names, its agents, servants and/or employees, in creating and maintaining a dangerous and hazardous condition or negligent ownership, operation and/or entrustment of a vehicle(s).

4. As a direct and proximate result of the negligence of the Defendants, JOHN DOES 1-10, fictitious names, by its agents, servants and/or employees in creating and maintaining a dangerous and hazardous condition, Plaintiff sustained severe and painful temporary and permanent injuries, suffered and will continue to suffer great pain, were required and will in the future be required to seek medical attention for their injuries.

**WHEREFORE,** Plaintiffs, Kale Gamtsemlidze and Maia Gamtsemlidze, demand Judgment against the Defendants, JOHN DOES 1-10, fictitious names, its agents, servants and/or employees, jointly and severally, for damages, interest, costs of suit and attorneys fees.

### EIGHT COUNT

1. Plaintiffs, Kale Gamtsemlidze and Maia Gamtsemlidze, repeat each and every allegation contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts of the Complaint and makes the same a part hereof.

2. At all times relevant hereto, the Defendants, XYZ CORP. 1-10, fictitious entities, by its agents, servants and/or employees, was the operator, designer, retailer, manufacturer or repairer of the subject motor vehicles or was otherwise the owner and/or had an interest in a vehicle (s) which were involved in the subject accidents and/or was responsible for the management and/or maintenance and/or entrustment of said vehicle(s) or the premises upon which the incident occurred and/or was a social or commercial host who negligently dispensed alcoholic beverages or medication(s) to defendant knowing defendant to be intoxicated.

3. At the same time and place aforesaid, the Plaintiff was caused to suffer injuries as a result of the negligence of the Defendants, XYZ CORP. 1-10, fictitious entities, its agents, servants and/or employees, in creating and maintaining a dangerous and hazardous condition or negligent ownership, operation and/or entrustment of a vehicle.

4. As a direct and proximate result of the negligence of the Defendants, XYZ CORP. 1-10, fictitious entities, by its agents, servants and/or employees in causing, creating and/or maintaining a dangerous and hazardous condition, Plaintiff sustained severe and painful temporary and permanent injuries, suffered and will continue to suffer great pain, were required and will in the future be required to seek medical attention for his injuries.

**WHEREFORE,** Plaintiffs, Kale Gamtsemlidze and Maia Gamtsemlidze, demand Judgment against the Defendants, XYZ CORP. 1-10, fictitious entities, its agents, servants and/or employees, jointly and severally, for damages, interest, costs of suit and attorneys fees.

### JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

**BARRETT & PAVLUK, LLC**

/s/ *Arthur M. Pavluk, III*

By:  Arthur M. Pavluk, III

Dated: July 10, 2012